UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ABDULAI KURE,<br><br>Plaintiff,<br><br>-against-<br><br>STATE OF NEW YORK; TLC (TAXI AND LIMO); PARK & NGUYAN LAW OFFICE,<br><br>Defendants. | 26 Civ. 3942 (JHR)<br><br><u>ORDER OF SERVICE</u> |

JENNIFER H. REARDEN, District Judge:

Plaintiff, appearing *pro se*, brings this action under the Court's federal question jurisdiction, 28 U.S.C. § 1331, alleging that officers of the New York City Taxi & Limousine Commission (the "TLC") falsely arrested him and used excessive force against him. ECF No. 1 (Compl.). The Court liberally construes the complaint as asserting claims under 42 U.S.C. § 1983 and New York state law.

On June 2, 2026, the Honorable Laura Taylor Swain granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. ECF No. 5. For the reasons that follow, the Court (1) dismisses, on sovereign immunity grounds, all claims against the State of New York; (2) dismisses, for failure to state a claim, all claims against Park & Nguyen Law Office; (3) dismisses, for failure to state a claim, all claims against the TLC, and substitutes in its place, pursuant to Rule 21 of the Federal Rules of Civil Procedure, the City of New York; (4) adds as Defendants, also pursuant to Rule 21, Officer A. Robert, Lt. A. Kolasny, and six John Doe TLC officers; (6) directs the TLC and the New York City Law Department, under *Valentin v. Dinkins*, to identify the John Doe TLC officers; and (7) directs service on the identified Defendants.

**LEGAL STANDARD**

The Court "shall" dismiss an IFP complaint, or any portion thereof, that "the court determines" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("A district court must dismiss an *in forma pauperis* action if the action is 'frivolous or malicious.'"). The Court must also dismiss a complaint "[i]f the court determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of those grounds, the Court is "obligated to construe [] *pro se* [pleadings] liberally," *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest arguments that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits—to state a claim, "[a]ll pleadings, including those filed by pro se litigants, must comply with Rule 8(a) of the Federal Rules of Civil Procedure," *Brewer v. Burns*, No. 23 Civ. 9605 (LTS), 2023 WL 8603083, at *2 (S.D.N.Y. Dec. 11, 2023).

"Rule 8 requires that a plaintiff allege in its complaint 'enough facts to state a claim to relief that is plausible on its face.'" *Panther Partners Inc. v. Ikanos Commc'ns, Inc*., 347 F. App'x 617, 619 (2d Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to

relief." *Id*. at 679. But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which essentially are legal conclusions. *Twombly*, 550 U.S. at 555.

## DISCUSSION

### A. Defendant the State of New York

Plaintiff names the State of New York as a Defendant. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation and citation omitted). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. (internal quotations and citation omitted). "Congress did not abrogate the States' sovereign immunity when it enacted §§ 1983 and 1985, and New York has not waived its immunity." *Walker v. NYS Just. Ctr. for Prot. of People with Special Needs*, 493 F. Supp. 3d 239, 246 (S.D.N.Y. 2020) (collecting cases) (dismissing claims against the State of New York).

Plaintiff's claims against the State of New York are therefore barred by the Eleventh Amendment and are hereby dismissed.

### B. Defendant Park & Nguyen Law Office[1]

Plaintiff alleges that he "previous[ly] file[d] a case against the TLC[, but] before [he could] get a response from the court[, t]he law firm of Park & Nguyen sen[t him] a mail stat[ing] that the case has been schedule[d] for hearing[,] which was false." Compl. at 5. Plaintiff added

[1] Defendant Park & Nguyen Law Office is incorrectly identified on the docket as Park & Nguyan Law Office.

that Park & Nguyen "impersonate themselves to be court representatives. I am filing to reopen the case." *Id*.

Plaintiff attaches to the complaint a notice of hearing under General Municipal Law § 50-h, dated November 4, 2024, on the law office's letterhead. It reads:

> Please take notice that, pursuant to Section 50-h of the General Municipal Law, claimant is mandated by law to appear at the following location, at the date and time specified below, to be orally examined under oath relative to the occurrence and extent of injuries for which the above claim is made.

*Id*. at 8. The notice then provided the date and time of a hearing that would take place over Zoom. *Id*.

Plaintiff's allegations suggest that the Park & Nguyen Law Office "impersonate[d] themselves to be court representatives," Compl. at 5, by directing him to appear for a Section 50-h hearing, and prejudiced him in unspecified ways—that is, he appears to allege some form of fraud. Those allegations, however, fail to comply with Rule 8 because they "offer[] no factual basis for the claim."[2] *Thomas & Agnes Carvel Found. v. Carvel*, 736 F. Supp. 2d 730, 761 (S.D.N.Y. 2010) (dismissing claim where factual basis as "[fell] short under Rule 8(a)").

Insofar as Plaintiff seeks to assert a state law claim for fraud, Rule 9(b) requires that a party alleging fraud "state with particularity the circumstances constituting the fraud . . . ." Plaintiff's complaint does not satisfy those requirements. *See Conopco, Inc. v. Wein*, No. 5 Civ.

---

[2] The Court is aware that municipalities in New York, including the City of New York, routinely contract with private law firms to conduct their Section 50-h hearings. *See Johnson v. Norinsberg*, No. 20 Civ.3303 (LLS), 2020 WL 2614727, at *1 (S.D.N.Y. May 21, 2020) (referring to Section 50-h hearing by a private law firm on behalf of a municipality); *Bowling v. Nolette*, No. 18 Civ.0597, 2021 WL 4134733, at *6 (N.D.N.Y. Sept. 10, 2021) (same); *Foy v. City of New York*, No. 17-CV-0406, 2019 WL 3717317, at *3 (E.D.N.Y. Aug. 7, 2019) (same); *Doyle v. City of Corning*, No. 14 Civ.6507, 2015 WL 2092574, at *8 (W.D.N.Y. May 5, 2015) (same); *Guerrero v. the New York City Trans. Auth.*, No. 703205/2018, 2020 WL 14018120, at *1 (N.Y. Sup. Ct. May 08, 2020) (same).

9899 (RJH) (THK), 2007 WL 9818902, at *5 (S.D.N.Y. Aug. 31, 2007) ("A party may [] plead fraud on information and belief in connection with matters peculiarly within a defendant's knowledge, but such allegations 'must be accompanied by a statement of the facts upon which the belief is based.'") (citation omitted). The Court therefore dismisses without prejudice Plaintiff's claims against Defendant Park & Nguyen Law Office for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

If Plaintiff amends his complaint, he must provide a short and plain statement of his claims and, if bringing claims for fraud, plead with particularity the circumstances allegedly constituting fraud.

**C. Rule 21**

Plaintiff asserts claims under 42 U.S.C. § 1983 for false arrest and excessive force, but he does not name as Defendants any officers who allegedly arrested him or used force against him. In the complaint, however, he attributes the arrest and use of force to multiple employees of the TLC, namely Officer A. Robert, Shield No. 1074; Lt. A. Kolasny, Shield No. 96; and six other unidentified TLC officers. *See*, *e.g.*, Compl. at 10 ("They identified themselves as Officer A Robert shield number 1074 and Lt. A Kolasny shield number 96."); *id.* ("I was pinned down by 6 TLC officers unnecessarily forced me against my vehicle and cuffed me.").

Under Rule 21, the Court, on its own motion, "may[,] at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21; *see Anwar v. Fairfield Greenwich, Ltd.*, 118 F. Supp. 3d 591, 618-19 (S.D.N.Y. 2015) (Rule 21 "afford[s] courts discretion to shape litigation in the interests of efficiency and justice"). "Under this rule, courts have added individual defendants in actions whe[n] the complaint mentions them 'throughout the body of the [c]omplaint' as involved in the underlying alleged events." *Alexander v. City of New York*, No. 25 Civ. 0284 (RA), 2025 WL 861377, at *1 (S.D.N.Y. Mar. 19, 2025) (quoting *George v. Westchester Cnty. Dep't of Corr.*, No.

20 Civ. 1723 (KMK), 2020 WL 1922691, at *2 (S.D.N.Y. Apr. 21, 2020)). Rule 21 "is intended to permit the bringing in of a person who, through inadvertence, mistake or for some other reason, had not been made a party and whose presence as a party is later found necessary or desirable." *Truncale v. Universal Pictures Co*., 82 F. Supp. 576, 578 (S.D.N.Y. 1949).

In light of Plaintiff's *pro se* status, as well as his clear intention to pursue claims related to his arrest and the use of force against him, the Court directs the Clerk of Court to add as Defendants, under Rule 21, Officer Robert, Lt. Kolasny, and John Does 1-6. *See Marcus Rogers, v. The State of New York, et al*, No. 26 Civ. 3964 (JMF), 2026 WL 1910448, at *2 (S.D.N.Y. July 2, 2026) (adding party in light of *pro se* status).

This amendment is without prejudice to any defenses that these Defendants may wish to assert.

**D. Defendant the TLC**

Plaintiff also names the TLC as a Defendant. But the "TLC. . . as a New York City agency cannot be sued in its own capacity." *Gabris v. New York City Taxi & Limousine Comm'n*, No. 05 CIV. 8083 (HB), 2005 WL 2560384, at *2 n.4 (S.D.N.Y. Oct. 12, 2005) (collecting cases). New York City's Charter requires suits against agencies of the City of New York to be brought against the City of New York, rather than the agency, unless state law provides otherwise. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *see Nnebe v. Daus*, 644 F.3d 147, 158 n.6 (2d Cir. 2011) (affirming dismissal of TLC as a non-suable entity); *Mordukhaev v. Daus*, No. 09 Civ. 5149 (SHS ) (RLE), 2010 WL 3792044, at *8 (S.D.N.Y. Aug. 19, 2010) (dismissing TLC as a non-suable entity), *report and recommendation adopted*, No. 09

Civ. 5149 (SHS), 2010 WL 3792191 (S.D.N.Y. Sept. 28, 2010), *aff'd*, 457 F. App'x 16 (2d Cir. 2012). Accordingly, the Court dismisses Plaintiff's claims against the TLC.

Pursuant to Rule 21, and in light of Plaintiff's *pro se* status and his clear intention to pursue claims against an administrative arm of the City of New York, the Court directs the Clerk of Court to add the City of New York as a Defendant. *Hayes v. Westchester Med. Ctr*., No. 25 Civ. 10273 (NSR), 2026 WL 412121, at *1 (S.D.N.Y. Feb. 13, 2026) ("In *pro se* actions, courts can and have, under Rule 21, dropped an institutional defendant when it is an improper defendant and, under that same rule, substituted that dropped defendant by adding the proper institutional defendant.").

This amendment is without prejudice to any defenses that the City of New York may wish to assert.

**E. The Unidentified Defendants**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In his complaint, Plaintiff provides sufficient information to permit the TLC to identify the six unidentified officers who responded to the investigatory stop of Plaintiff's vehicle on July 6, 2024 and participated in Plaintiff's arrest. *See* Compl. at 10-14. It is therefore hereby ordered that the New York City Law Department, which is the attorney for and agent of the TLC, ascertain the identity and badge number of each John Doe whom Plaintiff seeks to sue and the address where these Defendants may be served. The New York City Law Department must provide this information to Plaintiff and the Court within **sixty days of the date of this Order**.

Within **thirty days of receiving this information**, Plaintiff must file an amended complaint naming the John Doe Defendants. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete

is attached to this Order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the named John Doe Defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

**F. Service on the Identified Defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the assistance of the Court and the U.S. Marshals Service to effect service.[3] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants the City of New York, Officer Robert, and Lt. Kolasny through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for these Defendants. The Clerk of Court is further instructed to issue summonses and to deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

---

[3] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

Plaintiff must notify the Court in writing if his address changes, and **the Court may dismiss the action if Plaintiff fails to do so**.

## CONCLUSION

The Court dismisses Plaintiff's claims against Defendant State of New York, on immunity grounds. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

The Court also dismisses Plaintiff's claims against Defendants Park & Nguyen Law Office and TLC, for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is directed to add the City of New York as a Defendant under Fed. R. Civ. P. 21.

The Clerk of Court is also directed to add as Defendants, under Rule 21: (1) Officer A. Robert, Shield No. 1074; (2) Lt. Kolasny, Shield No. 96; and (3) John Does 1-6.

The Clerk of Court is further directed to mail a copy of this Order and the Complaint to the New York City Law Department at: 100 Church Street, New York, New York 10007.

In addition, the Clerk of Court shall issue summonses for Officer A. Robert, Shield No. 1074; Lt. Kolasny, Shield No. 96; and the City of New York, complete the USM-285 form with the address for these Defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

An amended complaint form is attached to this Order.

The Clerk of Court is directed to mail an information package to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: July 22, 2026
New York, New York

Jennifer H. Rearden

JENNIFER H. REARDEN
United States District Judge

## SERVICE ADDRESS FOR EACH DEFENDANT

1. Officer A. Robert, Shield No. 1074
   New York City Taxi & Limousine Commission
   33 Beaver Street
   New York, NY 10004

2. Lt. A. Kolasny, Shield No. 96
   New York City Taxi & Limousine Commission
   33 Beaver Street
   New York, NY 10004

3. The City of New York
   New York City Law Department
   100 Church Street
   New York, NY 10007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

________________________________________

________________________________________

Write the full name of each plaintiff.

_____CV_______________

(Include case number if one has been assigned)

against

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes ☐ No

________________________________________

________________________________________

________________________________________

________________________________________

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I. BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction in your case?

☐ **Federal Question**

☐ **Diversity of Citizenship**

### A. If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

____________________________________________________________

____________________________________________________________

____________________________________________________________

____________________________________________________________

### B. If you checked Diversity of Citizenship

#### 1. Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , ____________________________________, is a citizen of the State of
(Plaintiff's name)

______________________________________________
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

________________________________________________.

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, ______________________________, is a citizen of the State of
(Defendant's name)

______________________________

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

______________________________.

If the defendant is a corporation:

The defendant, ______________________________, is incorporated under the laws of

the State of ______________________________

and has its principal place of business in the State of ______________________________

or is incorporated under the laws of (foreign state) ______________________________

and has its principal place of business in ______________________________.

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

______________________________

First Name Middle Initial Last Name

______________________________

Street Address

______________________________

County, City State Zip Code

______________________________

Telephone Number Email Address (if available)

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City State Zip Code

Defendant 2:

First Name Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City State Zip Code

Defendant 3:

First Name Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City State Zip Code

Defendant 4: ______________________________

First Name Last Name

______________________________

Current Job Title (or other identifying information)

______________________________

Current Work Address (or other address where defendant may be served)

______________________________

County, City State Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: ______________________________

Date(s) of occurrence: ______________________________

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

Dated Plaintiff's Signature

First Name Middle Initial Last Name

Street Address

County, City State Zip Code

Telephone Number Email Address (if available)

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.